JOHN MURCKO, SB#47008
2831 Telegraph Avenue
Oakland, California 94608
Telephone: (510) 465-2241

STEPHEN PERELSON, SB#43032
285 Miller Avenue
Mill Valley, CA 94941
(415) 383-1070

WILLIAM M. SIMPICH, SB#106672
1736 Franklin Street, 10th Floor
Oakland, CA 94612
(510) 444-0226

Attorneys for Plaintiffs

ORIGINAL
FILED

JUL 2 0 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. TONY SERRA, JEANINE SANTIAGO, VICTOR J. CORDERO, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARLEY LAPPIN, Director of the Bureau of Prisons, BG COMPTON, Warden of Lompoc Prison, and ROBERT F. MCFADDEN, head of the Western Regional Office of the Bureau of Prisons<br><br>Defendants, | Case No. C-07-1589 EMC<br><br>**FIRST AMENDED COMPLAINT FOR CLASS ACTION**<br>**[JURY TRIAL DEMANDED]** |

## 1. NATURE OF ACTION

1. Plaintiffs are federal prisoners who have been injured and damaged in violation of the Fifth and Thirteenth Amendment to the United States Constitution, The United Nation International Covenant on Civil and Political Rights, The United Nation Covenant on Prisoners Rights, and the rights guaranteed by *Bivens v Six Unknown Agents of the Federal Bureau of Narcotics* 403 US 388 and The Sherman Act 15 USC 1, 2. They bring this civil rights action on behalf of themselves and all other Federal Prisoners at Lompoc Federal Prison Camp in Lompoc and Camp Parks, Dublin, California because the system of renumeration operated by the Federal Bureau of Prison (hereinafter BOP) does not, and with current systems and resources, cannot adequately remunerate prisoners for the work that they perform at the Federal Prison Camp. These unconstitutional conditions have caused widespread harm including deprivation of equitable renumeration for the work of incarcerated persons. Such conditions have also denied inmates their rights under The Sherman Act 15 USC 1, 2, The United States Constitution Amendments Thirteen and Fifteen, and The United Nations International Covenant. Because Defendants know that Plaintiff and all other prisoners live under conditions which amount to work slavery prohibited by the United Nation International Covenant on Civil and Political Rights and have not remedied to this situation, plaintiffs seek an injunction compelling Defendants to immediately furnish the Plaintiffs and the class with the constitutional and international covenant requirements of an equitable renumeration for their work at the Lompoc Federal Prison Camp and Camp Parks.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 USC 1331 and 1343. Plaintiff and the class seek declaratory and injunctive relief under 28 USC Section 1343, 2201, 2202, 29 USC 794, 12101 and the case of *Bivens v Six Unknown Agents of the Federal Bureau of Narcotics*.

## III. VENUE

3. Venue is proper under 28 USC 1391(2) because a the Western Regional director of the Bureau of Prisons has his office in within the Northern District of California.

## IV INTERDISTRICT ASSIGNMENT

4. Actions giving rise to venue of this case occurred in the Northern District of California in Santa Barbara and Alameda Counties. Accordingly pursuant to Local Rule 3-2(c), the case should be heard in the Northern District of California..

## V. PARTIES

5. Plaintiff, J. Tony Serra was a prisoner incarcerated at the Federal Prison Camp at Lompoc, California since May 15, 2006 to February 12, 2007. Plaintiff Serra works on the camp grounds as a camp waterer and in effort supports the work at Federal Prison Industries UNICOR) making cable and also making dairy products. Plaintiff Serra and other prisoners working at Federal Prison Industries, a self-supporting arm of the Justice Department are paid as low as $19.00 per month for working twenty days a month at five hours per day or approximately nineteen cents per hour. Plaintiff Serra has objected to this method of remuneration as being in violation of the United Nations Covenant on Prisoners Rights and

Violation of Civil and Political Rights and of the United States Constitution and Federal Law including The Sherman Act.

6. Plaintiff Victor J. Cordero was a prisoner incarcerated at the Federal Prison Camp at Lompoc for two years in 2003-2004. Plaintiff Cordero worked for UNICOR for $145/month and objects to this method of payment as in violation of UN Covenants, U.S. Constitution and federal law and The Sherman Act.

7. Plaintiff Jeanine Santiago is a prisoner at Federal Correction Institute, Camp Parks, Dublin, California and also works for UNICOR from September 2006 to the present. Her monthly earnings are sixty dollars ($60.00) and her rights under the UN Charter, the U.S. Constitution and federal laws are being violated.

8. Plaintiff Jeanine Santiago is also suing for violation of her rights under The Sherman Act.

9. Plaintiffs other than Mr. Serra, are seeking to be paid a wage that is commensurate with his labor or twenty-five dollars per hour or $500 per week and that is equitable renumeration of the work of prisoners and inmates at Lompoc Federal Prison Camp guaranteed by international law, the United States Constitution and Federal Statutes. All other prisoners at Lompoc Federal Prison Camp are paid at the same or similar low rate.

### DEFENDANTS

10. Defendant Harley Lappin is the Director of the Bureau of Prisons of the United States. He is being sued in his official capacity. As Director of the Bureau of Prisons, he is obligated under Federal Law to supervise the official conduct off all executive and ministerial offices and to see that all offices are filled and their duties performed. Lappin has control over

the monies allocated to the Lompoc Federal Prison Camp. Lappin retains the ultimate federal authority over the payment of inmates at Lompoc Federal Prison Camp and also at Camp Parks in Dublin.

11. Defendant B.G. Compton is the Warden of the Federal Prison Camp in Lompoc, California. He is responsible for the operation of the prison at Lompoc including decisions that effect the payment of renumeration to Plaintiff and all others in his class at Lompoc Federal Prison Camp.

12. Defendant, Robert E. M.cFadden is the Western regional Director of Bureau of Prisons. He is located in Dublin, California and is responsible for plaintiff Jeanine Santiago.

## CLASS ACTION ALLEGATION

13. The named Plaintiffs brings this action on their behalf and pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a class of prisoners who are now and in the future under the authority of the Bureau of Prisons.

    a. Hundreds of prisoners at the Lompoc Federal Prison Camp and Camp Parks suffer a serious violation of their constitutional, statutory, and international rights under the United Nations Covenant of Political and Civil and Prisoners Rights to a system of inequitable remuneration for their work at the Federal Prison Camp.

    b. The conditions, practice, and omissions that form the basis of this complaint are common to all members of the class and the relief sought will apply to all of them.

    c. The claims of the plaintiffs are typical of the claims of the class.

d. The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudication which would establish incompatible standards of conduct for the defendants.

e. Defendants have acted on grounds applicable to the class and making appropriate injunction and declaration relief with respect to the class.

f. There are questions of law and fact common to the members of the class including defendants violations of the Fifth and Thirteenth Amendment, the United Nations Covenant of Political and Civil Rights, and the the United Nations Covenant on Prisoners Rights, and *Biven v Six Unknown Agents of the Federal Bureau of Narcotics* and The Sherman Act.

g. The plaintiffs are capable through counsel of record and adequately representing the class and its interests.

## VI. STATEMENT OF CLASS ACTION

14. The renumeration provided by defendants at Lompoc Federal Prison Camp and Camp Parks is wrongfully inadequate and violates the rights of the plaintiffs and the class as protected by the United Nations Covenant of Political and Civil Rights, the United Nations Covenant on Prisoners Rights, the Fifth and Thirteenth Amendment of the United States Constitution to be protected for equal rights and against slavery. There are a multitude of problems with the payment of renumeration including the following:

a. The plaintiffs and the class are being deprived of equitable remuneration as required by the United Nations Covenant on Prisoners Rights and the Fifth and Thirteenth Amendment to the United States Constitution

b. The plaintiffs and all others in the class are being paid as low as $19.00 per month to do difficult physical labor.

c. There are are not paying prisoners the adequate wages that they are entitled under the United Nations Covenant, the United Nations Constitution, and Federal law.

d. There is no response to the complaint of pay filed by J. Tony Serra and other plaintiffs.

## CLAIMS FOR RELIEF

### I

### VIOLATION OF THE FIFTH AND THIRTEEN AMENDMENT OF THE UNITED STATES CONSTITUTION
(By All Plaintiffs Against All Defendants)

15. The Plaintiffs and the class hereby incorporate paragraphs 1 to 14 of the previous paragraphs.

16. The conduct described herein has been and continues to be performed by defendants and their agents or employees in their official capacities and is the proximate cause of the named plaintiffs' and the plaintiff class's ongoing deprivation of rights secured by the United States Constitution under the Fifth and Thirteen Amendments and *Biven v Six Unknown Agents of the Federal Bureau of Narcotics*.

17. The constitutional deprivations described herein are the proximate results of the official policies, customs, and pervasive practices of defendants. Defendants LAPPIN, COMPTON, and MCFADDEN have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

18. Upon information and belief, defendants Defendants LAPPIN, COMPTON, and MCFADDEN have been and are aware of all of the deprivations complained of herein and have been deliberately indifferent to such conduct. Defendants Defendants LAPPIN, COMPTON, and MCFADDEN failed to provide necessary additional funding to remedy deficiencies in the BUREAU OF PRISONS renumeration method and that of Lompoc Federal Prison Camp and Camp Parks.

19. Plaintiffs are entitled to reasonable attorneys' fees, litigation expenses, and costs for maintaining this claim pursuant to *Bivens v Six Unknown Agents of the Federal Bureau of Narcotics*.

## II

## VIOLATION OF UNITED NATIONS COVENANT ON CIVIL AND POLITICAL RIGHTS AND ON PRISONERS RIGHTS
(By All Plaintiffs Against All Defendants)

20. The Plaintiffs and the class hereby incorporate paragraphs 1 to 14 of the previous paragraphs.

21. The conduct described herein has been and continues to be performed by defendants and their agents or employees in their official capacities and is the proximate cause of the named plaintiff's and the plaintiffs class's ongoing deprivation of rights secured by the United Nations Covenant of Political and Civil Rights, Articles 7, 8, and 10 and the United Nations Covenant on Prisoners Rights, paragraph 76.

22. The civil right deprivations described herein are the proximate results of the official policies, customs, and pervasive practices of defendants. Defendants Defendants LAPPIN, COMPTON, and FADDEN have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

23. Upon information and belief, defendants Defendants LAPPIN, COMPTON, and have been and are aware of all of the deprivations complained of herein and have been deliberately indifferent to such conduct. Defendants Defendants LAPPIN, COMPTON, and MCFADDEN failed to provide necessary additional funding to remedy deficiencies in the BUREAU OF PRISONS system of renumeration , which is not equitable.

## III.

## VIOLATION OF THE SHERMAN ACT
## 15 USC SECTION 1, 2, 15, 22, 26
## (By All Plaintiffs Against All Defendants)

24. The plaintiffs and the class incorporate paragraphs 1 to 14 of the previous paragraphs.

25. This court has subject matter jurisdiction under Sections 1, 2, 15, 22, and 26 of the Sherman Act, 15 U.S.C. and the matter in controversy exceeds $10,000 exclusive of costs and interest, and under 28 U.S.C. 1332 due to the defendants being agencies of the United States.

26. The Federal Bureau of Prisons and Federal Prison Industries including UNICOR are maintaining an illegal price scheme by requiring prisoners at federal prisons to work at low renumeration to produce food and dairy products at its facilities. As a result of these practices it is undermining and prohibiting the competitive bidding for sales of food and dairy products to the Bureau of Prisons by private corporations that can only compete on a competitive basis for securing the needs of the federal prison population.

27. The practices of the defendants at the Bureau of Prisons, Federal Prison Industry and UNICOR are acting surreptitiously and continually to pursue illegal price fixing activities in violation of the Sherman Anti-Trust Act 15 U.S.C. 1, 2, 15 and 16 (a) by paying low renumeration as low as $19.00 per month to produce food and dairy products and (b) by preventing private individuals or corporations from competing or cooperating to produce food or

dairy products for the prison population in the federal prisons in the entire United States of America, (c) by refusing to sell products or private individuals or corporations in the federal prison system, (d) by canceling, cutting back or eliminating entirely the orders of private individuals or corporations by selling at low prices due to the low renumeration of prisoners, (e) by attempting to prevent private or corporate enterprises from selling food or dairy products to the Federal Bureau of Prisons to be used by federal prisoners.

28. In furtherance thereof, defendants have confided and conspired with each other (a) to establish prices for food and dairy products that prohibit private individuals and corporations from competing with Federal Bureau of Prisons Federal Prisons Industries UNICOR by using prison labor at wages as low as $19.00 per month.

29. On information and belief the price contract plan embodies a scheme to prohibit any competition in the entire interstate market of the United States

30. As a result of these anti-competitive practices by the defendant Federal Bureau of Prisons, UNICOR, and Federal Prison Industries:

(a) Plaintiffs have been paid a very low renumeration as low as $19.00 per month,

(b) Plaintiffs do not obtain food and dairy products of a higher quality from competitive companies,

(c) Plaintiffs have been illegally restrained or forbidden from selling their labor to the Federal Bureau of Prisons at a reasonable rate.

31. The total amount of products produced by the class of plaintiffs and others in the Federal Prisons Industries exceeds seven hundred million dollars ($700,000,000.00) per year and this occurs in each and every state of the United States. The illegal and very substantial restrictions and burdens on interstate trade and commerce alleged above have caused injury to

plaintiffs by causing them to be paid illegally low renumeration and have resulted in a substantial lessening of competition by private and corporate interest in the entire United States of America.

32. The activities of the defendants herein complained of constitute participating in a contract, combination or conspiracy to fix prices in restriction of trade, and an attempt to monopolize in interstate commerce, causing antitrust injury to the plaintiffs who are being paid an excessively low renumeration.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, the named plaintiff and the class they represent request that this Court grant them the following relief:

a. Declare the suit is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2).

b. Adjudge and declare that the acts, omissions, policies, and conditions described above are in violation of the Fifth and Thirteenth Amendments, which grant constitutional protection to the plaintiff and the class they represent and 28 USC 4261 and 29 USC 201.

c. Adjudge and declare that the acts, omissions, policies, and conditions described above are in violation of the United Nations Covenant of Political and Civil Rights, Articles 7, 8, and 10 and the United Nations Covenant on Prisoners Rights, paragraph 76.

d. Preliminary and permanently enjoin defendants LAPPIN and COMPTON, and MCFADDEN their agents, employees, and all persons acting in concert with them, from subjecting the named plaintiff and the class they represent to the unconstitutional and unlawful acts, omissions, policies, and conditions described above.

e. Award only the named plaintiff monetary damages, compensary and punitive, in an amount to be determined at trial;

f. Award plaintiff the costs of this suit, and reasonable attorneys fees and litigation expenses pursuant to 42 USC, Section 1988, 29 USC Section 794a(b), and 42 USC Section 12205;

g. Retain jurisdiction of this case until defendants have fully complied with the orders of this Court, and there is a reasonable assurance that defendants will continue to comply in the future absent continuing jurisdiction;

h. Award damages as a result of the defendants violation of the anti-trust laws as alleged trebling the amount set forth below as the injury to each plaintiff:

    1) For J. Tony Serra the amount as allowed by law;

    2) For Jeanine Santiago the amount as allowed by law;

    3) For each other member of the class, the amount as allowed by law;

    4) For Victor Cordero the amount as allowed by law;

i. Award such other and further relief as the Court deems just and proper.

\\
\\
\\
\\
\\

Dated: June 30, 2007

                                                                          JOHN MURCKO, ESQ.
                                                                          Attorney for Plaintiffs

Dated: June 30, 2007

                                                                              _____
                                                                              STEPHEN PERELSON, ESQ.
                                                                              Attorney for Plaintiffs